UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ISHTIAQ AHMED,

                        Plaintiff,                       **ORDER**

      -against-                      **22-cv-8007 (JHR) (JW)**

CITY OF NEW YORK, *et al.*,

                        Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff is suing Defendants for, *inter alia*, malicious prosecution and false arrest stemming from an incident on June 4, 2021, and Plaintiff's arrest on June 25, 2021. Dkt. No. 1. The Court is in receipt of Plaintiff's letter motion at Dkt. No. 49 seeking to file a redacted letter at Defendants' request. Plaintiff notes that certain quotes and text messages included in support of the motion have been produced pursuant to a § 1983 Plan Protective Order. Dkt. No. 49. Plaintiff's position is that no redactions to the letter are needed. Id.

In the redacted letter, Plaintiff seeks a conference on their request to compel Defendants to produce (i) all communications between Defendant Moseley-Jones and police informant Raja Azad Gul ("Gul") and (ii) information reflecting Gul's relationship with NYPD. Dkt. Nos. 50 and 51. Defendants oppose Plaintiff's motion arguing that (i) the requested text messages are not relevant and should not be discoverable, and (ii) the interrogatory request regarding Gul's relationship with NYPD exceeds the bounds of the Local Civil Rules. Dkt. No. 52. Defendants note that they have already produced text messages up to June 29, 2021 (after Plaintiff's

arrest). Id. at 4. Finally, Defendants ask to seal portions of Plaintiff's submission which Defendants allege contains sensitive information related to the underlying criminal complaint. For the reasons stated below, Plaintiff's request for leave to file the redacted letter at Dkt. No. 49 is DENIED as moot, Defendants' request to seal at Dkt. No. 52 is GRANTED, and Plaintiff's motion for conference and request to compel discovery at Dkt. Nos. 50 and 51 are DENIED.

### A. Sealing/Redacting Plaintiff's Letter Motion

Plaintiff's position is that no redactions to the proposed letter are needed. Dkt. No. 49. However, at Defendants' request Plaintiff filed a proposed letter redacting portions of the letter and an Exhibit A, which contains screenshots of text messages between Defendant Moseley-Jones and Gul that have already been produced by Defendants and were previously marked as "confidential" pursuant to a protective order. Dkt. Nos. 49 and 50. Defendants state that, upon reconsideration, they have de-designated the messages in Exhibit A as confidential, except for one marked "DEF0502." Dkt. No. 52 at 2. Defendants specifically ask to seal "DEF0502," which contains a photo of a non-party's New York State Identification Card. Id.

It is well established that there is a presumption of public access to judicial documents and the Court must find that the presumption has been overcome before sealing or redacting a document. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). The Second Circuit has articulated a three-step test for determining whether the presumption of public access is overcome. Id. First, the Court determines whether the documents are "judicial documents" that are "useful

in the judicial process." Id.  Next, if the documents are judicial documents, the Court determines the weight of the presumption of public access. Id. at 119. Finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." Id. at 119-120.

Upon review, at step one DEF0502 is a judicial document offered in support of Plaintiff's request to compel discovery. Dkt. Nos. 50 and 51.  At step two, the presumption of public access for judicial documents is afforded the "highest" weight in motions for summary judgment, which are potentially dispositive of the case, but only entitled to "modest" weight in discovery motions.  See In re New York City Policing During Summer 2020 Demonstrations, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022).  Here, the motion to compel is a discovery motion and the information Defendants seek to seal is only minimally relevant to the request to compel.  This Court finds that the information Defendants seek to seal has only a modest weight of the presumption of public access.

Finally, at step three, Defendants note that some competing considerations that Courts consider when balancing the presumption of public access are "the danger of impairing law enforcement or judicial efficiency[,]" "the privacy interest of those resisting disclosure[,] and "privacy interests of innocent third parties." Dkt. No. 52 at 2-3 (quoting Lugosch, 435 F.3d at 120 and United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Here, considering the interest of the non-party in sealing his identification photo in DEF0502 and the interests of Defendants in sealing a message that is only minimally relevant to judicial decision making, this Court finds that

DEF0502 should be sealed. Further, this Court finds that sealing in this manner is sufficiently narrowly tailored to achieve these aims. Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019). Defendants do not seek to redact other portions of Plaintiff's letter, see generally Dkt. No. 52, so the request to redact is DENIED as moot and the request to seal DEF0502 is GRANTED.

**To effectuate this ruling, Plaintiff is directed to refile the letter at Dkt. No. 51 publicly redacting only DEF0502 in its entirety.** The Motion at Dkt. No. 51 shall remain sealed to protect the confidentiality of DEF0502 as ordered by this Court.

### B. Plaintiff's Request to Compel Text Messages

Plaintiff requests to compel Defendants to produce all communications between Defendant Moseley-Jones and police informant Gul up to the present. Dkt. No. 50 at 2. In the alternative, Plaintiff asks to compel messages up to the time when the charges were dismissed on September 2, 2021. Id. at 4. Defendants have agreed to produce messages up to June 29, 2021 (four days after Plaintiff's arrest). Id. at 2-3. Defendants argue that further text messages are not discoverable because they are not relevant to any party's claim or defense. Dkt. No. 52 at 4. Defendants articulate that it could be burdensome to produce metadata underlying the requested messages. Id. Finally, counsel represents that they have reviewed text messages after June 29, 2021, and found that the messages did not pertain to Plaintiff, the incident, or the arrest. Id.

4

"A district court has wide latitude to determine the scope of discovery[.]" In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir.2008).  "The burden of demonstrating relevance is on the party seeking discovery . . . Once relevance has been shown, it is up to the responding party to justify curtailing discovery." Trilegiant Corp. v. Sitel Corp., 275 F.R.D. 428, 431 (S.D.N.Y.2011) (citation omitted); see also Fed. R. Civ. P. 26(b)(5)(A); Local Civil Rule 26.2.  The Court can limit the scope of discovery where "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

Here, Plaintiff asserts that the requested text messages are relevant to Plaintiff's malicious prosecution claim because the relationship between the officer and the police informant is at issue.  Dkt. No. 50 at 4.  Plaintiff concedes that the relevant period of prosecution was from June through September 2021 from the time of arrest to the time that charges were dismissed.  Id.  Therefore, the Court will consider Plaintiff's request for messages between June 29, 2021, and September 2, 2021.

On balance, the Court finds that the messages are, at most, minimally relevant and any relevance does not outweigh the burdens of production.  The Court is not persuaded by Plaintiff's argument that the requested messages between June 29, 2021, and September 2, 2021, are relevant because Defendant Moseley-Jones "did not intervene during that period to prevent the criminal action from proceeding[.]" Dkt. No. 50 at 2.  Text messages between Defendant Moseley-Jones and Gul during this period with no mention of Plaintiff do not seem relevant to this argument. The Court

is satisfied by counsel's representations that the messages do not pertain to Plaintiff or the events at issue in this litigation. Dkt. No. 52 at 4. Further, this Court agrees with Defendants that Plaintiff can argue malice with the messages already provided through, and after, the time of Plaintiff's arrest. Therefore, this Court will not compel production of the requested text messages.

### C. Plaintiff's Request to Compel An Interrogatory Response

Plaintiff seeks to compel a response to an interrogatory seeking information about NYPD-sponsored or affiliated events that Gul participated in, along with gifts provided to or received by the NYPD. Dkt. No. 50 at 4. Plaintiff argues that Defendants improperly objected to this interrogatory on the grounds that the information sought was irrelevant and in the possession of a third party. Id. Defendants object to the interrogatory before this Court on the grounds that the interrogatory request exceeded the scope of Local Civil Rule 33.3.

> "***Unless otherwise ordered by the Court***, at the commencement of discovery, ***interrogatories will be restricted*** to those seeking ***names of witnesses*** with knowledge of information relevant to the subject matter of the action, the ***computation of each category of damage*** alleged, and the existence, custodian, location and ***general description of relevant documents***, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Local Civil Rule 33.3(a) (emphasis added).  This Rule reflects that in this Circuit there is a preference for other forms of discovery, like depositions and document requests, as opposed to interrogatory responses.  See In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("District courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories.").  Interrogatories seeking other information may only be served "if they are a more practical method of obtaining the information sought than a request for production or a deposition" or with leave of the Court.  Local Civil Rule 33.3(b).

Here, Plaintiff served an interrogatory requesting:

"For the period from Jan. 1, 2020 to present, identify every NYPD-sponsored or affiliated event which Raja Azad Gul hosted or attended and every gift he provided to or received from an NYPD officer or employee." Dkt. No. 52 at 6.

This request exceeds the scope of Local Civil Rule 33.3(a), and this Court believes that Plaintiff could discover the requested information by deposing Gul.  Therefore, this Court will not order a response to the requested interrogatory.

SO ORDERED.

DATED:    New York, New York
          December 1, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge

7