**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ISHTIAQ AHMED,

                                        Plaintiff,                          **ORDER**

                    -against-                                        **22-CV-8007 (JHR) (JW)**

CITY OF NEW YORK, RICHARD
TAYLOR, NATASHA MOSELEY-JONES,
VIODELYS BRATHWAITE, ANTHONY
NEVANDRO, YEVGENIY BELOV, and
NYPD Members of Service JOHN and
JANE DOES #1-15,

                                        Defendants.
----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On March 15, 2024, Plaintiff requested a Local Rule 37.2 pre-motion
conference seeking one of two things: (1) to obtain leave from the Court to depose non-
party[1] Raja Azad Gul only in the event Defendants plan to call him at trial; or (2) to
obtain leave to serve Raja Azad Gul with his deposition subpoena via certified mail.
Dkt No. 78.  Discovery was not set to close until March 29, 2024, essentially making
Plaintiff's request an anticipatory motion to re-open discovery.  On March 22, 2024,
Defendants submitted a letter opposing the relief sought.  Dkt. No. 81.  On March 23,
2024, Plaintiff submitted a letter in response to Defendants' opposition.  Dkt. No. 82.
Plaintiff's request is GRANTED in part and DENIED in part.

---
[1] Plaintiff often refers to Mr. Gul as a "third-party" but, as Defendants point out,
Mr. Gul is a non-party to this action.

## BACKGROUND

On September 20, 2022, Ishtiaq Ahmed ("Plaintiff") filed a complaint alleging he was falsely accused of assaulting Adil Khan on June 4, 2021, for which he was later arrested and released.  Dkt. No. 1.  The Parties later commenced discovery which closed on March 29, 2024.  Dkt. No. 77.  On March 15, 2024, before discovery closed, Plaintiff filed a letter motion with the Court.  Dkt. No. 78. Plaintiff's letter alleged that witness Raja Azad Gul ("Mr. Gul"), after reviewing the police complaint, "directed" the NYPD to upgrade Plaintiff's charge from harassment to assault.  Id. Anticipating that Defendants may call Mr. Gul to testify at trial, Plaintiff desires to depose Mr. Gul regarding the events surrounding Plaintiff's arrest.  However, Mr. Gul has refused to cooperate with Plaintiff's counsel via telephone and several attempts to serve Mr. Gul, at his purported home and place of business, proved unsuccessful.  Id.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. Pro. 45(b)(1).  While the method of delivery is not defined, some courts have only granted leave to effect alternative service after a showing of diligence in attempting personal service.  See, e.g., Elliott v. Cartagena, No. 19-cv-1998 (NRB), 2021 WL 12103903, at *1 (S.D.N.Y. Feb. 5, 2021); Sec. & Exch. Comm'n v. Pence, 322 F.R.D. 450, 454–455 (S.D.N.Y. 2017).

Federal Rule of Civil Procedure 16(b)(1) states that "a Magistrate Judge…must issue a scheduling order."  That scheduling order "must limit the time to…complete discovery."  Fed. R. Civ. Pro. 16(b)(3).  Furthermore, such schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Pro. 16(b)(4).

Courts generally consider six factors in deciding whether good cause to re-open discovery exists: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence."  <u>Carroll v. Trump</u>, No. 22-cv-10016 (LAK), 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023).

## <u>ANALYSIS</u>

The deadline for discovery in this matter has been extended four times from its original deadline of October 11, 2023, and recently expired on March 29, 2024.  See Dkt. Nos. 39, 48, 62, 77.  Plaintiff now seeks permission to depose Mr. Gul only in the event Defendants intend to call him as a witness or serve Mr. Gul with his deposition subpoena via certified mail.

I.    Plaintiff's Request for Alternative Service of the Subpoena

Alternative service of a deposition subpoena, such as delivery by certified mail, may be granted where a party shows diligent effort in attempting personal service of the subpoena.  <u>See</u> <u>Cartagena</u>, 2021 WL 12103903 at *1.  Here, Plaintiff has not

shown the level of diligence in attempting to serve Mr. Gul that would allow this Court to permit service via certified mail.  Plaintiff has only attempted to serve Mr. Gul five times consisting of four attempts at his last known business address and once at a home address.  Dkt. No. 78.; Cf. Pence, 322 F.R.D. at 451 (fourteen attempts at five locations); JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08-cv-9116 (PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (nine attempts at two locations).

Furthermore, while Plaintiff provides information verifying the business address, he provides no information that the home address at which service was attempted is Mr. Gul's last known home address.  Thus, Plaintiffs request to serve Mr. Gul via certified mail is DENIED.

II.     Plaintiff's Conditional Request to Re-open Discovery

Plaintiff may only re-open discovery and depose Mr. Gul upon satisfaction of the six factors considered in establishing good cause.  See Fed. R. Civ. Pro. 16(b)(4); Trump, 2023 WL 2006312, at *7.

The first factor considered is the imminence of trial.  As of today, no trial date has been set for this matter.  Thus, factor one is in favor of re-opening discovery.

Second, Defendant does indeed oppose Plaintiff's request to depose Mr. Gul. Dkt. No. 82.  Therefore, this factor is in favor of denying the requests.

Third, while Defendant argues that Plaintiff lacks good cause to re-open discovery, they fail to mention any prejudice that may occur upon the re-opening.  As a result, this factor is in favor of re-opening discovery.

Fourth, Plaintiff has demonstrated diligence in attempting to depose Mr. Gul given Mr. Gul's unwillingness to cooperate.  Courts have found discovery will not be re-opened where a party has faced no impediment in conducting a deposition before the close of discovery.  See Castillio v. ELG Parking Inc., No. 21-cv- 2550 (KHP), 2023 WL 9491724, at *2 (S.D.N.Y. Apr. 4, 2023); Saray Dokum v. Madeni Aksam Sanayi Turizm A.S., 17-cv-7495 (GWG), 335 F.R.D. 50, 52–53 (S.D.N.Y. June 11, 2020).  This case is distinguishable.

Here, Plaintiff's counsel spoke to Mr. Gul on October 2, 2023, and stated "he needed to speak to him about a deposition."  Dkt. No. 78, Ex. A.  Mr. Gul claimed recent medical issues prevented him from using his phone and then hung up the phone.  Id.  Mr. Gul did not respond to multiple subsequent attempts to contact him via phone and text message until approximately five months later.  Id.  On March 4, 2024, Plaintiff's counsel spoke with Mr. Gul over the phone to inform him of the attempts to serve him with the deposition subpoena.  Id.  Mr. Gul told counsel, while he saw what happened, he could not be forced to do anything and should never be contacted again.  Id.

In addition to the attempts by counsel to speak with Mr. Gul, Plaintiff also attempted service at a location believed to be, and seemingly confirmed by the neighboring business, Mr. Gul's actual place of business.  Dkt. No. 78, Ex B.  After four failed attempts to serve Mr. Gul at his purported actual place of business, Plaintiff also attempted service at what he believed to be Mr. Gul's last known home address.  Dkt, No. 78; Dkt. No. 78 Ex. C.

5

Discussed above, while the Court agrees with Defendants that Plaintiff's attempts at service on Mr. Gul are insufficient to allow alternate service, the Court does find that Plaintiff's attempts to contact Mr. Gul several ways in addition to attempting service shows diligence in his overall efforts to depose Mr. Gul. Therefore, this factor is in favor of re-opening discovery.

Fifth, in analyzing the foreseeability for the need of additional discovery, Plaintiff has been attempting to serve Mr. Gul since September 8, 2023, well before the close of fact discovery on March 29, 2024. Thus, no argument exists that the need to depose Mr. Gul was unforeseeable and this factor is in favor of denying the requests.

Lastly, the Court must consider whether the discovery will lead to relevant evidence. Here, while Plaintiff wishes only to depose Mr. Gul in the event Defendants plan to call him as a witness, as he admitted, Mr. Gul is a witness to the events in Plaintiff's Complaint. See Dkt. No. 78. His deposition would therefore lead to relevant evidence and this factor is in favor of re-opening discovery.

## <u>CONCLUSION</u>

For the reasons set forth above, if Mr. Gul is listed by Defendants as a witness in the joint pretrial order, Plaintiff may depose Mr. Gul before trial but only after he is properly served with a deposition subpoena. Plaintiff's request to conditionally re-open discovery is GRANTED and Plaintiff's request to perform alternate service is DENIED without prejudice. The Clerk of Court is respectfully requested to close Dkt. No. 78.

SO ORDERED.

DATED:      New York, New York
            May 23, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge